UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSEPH WARE III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:04 CV 380 |
| ROGELIO DOMINGUEZ, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Joseph Ware, a prisoner currently confined at the Medaryville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Lake County Sheriff Rogelio Dominguez violated his federally protected rights while he was confined at the Lake County Jail. Mr. Ware now seeks leave of court to amend his complaint to add defendants. Pursuant to 28 U.S.C. § 1915A the court must screen amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F. Supp. 2d 633 (N.D. Ind. 1998). "Leave to amend is to be 'freely given when justice so requires,'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting FED.R.CIV.P. 15(a)), but leave to amend need not be given if there is an apparent reason not to do so, including futility of amendment. *Liu v. T&H*, 191 F.3d at 794.

In his original complaint, Mr. Ware named Lake County Sheriff Rogelio Dominguez as a defendant, alleging that while he was at the jail, Sheriff Dominguez allowed him to be exposed to cigarette smoke by other inmates in housing areas without adequate ventilation, posing an unreasonable risk of

serious damage to his future health. The court concluded that his complaint stated a claim against Sheriff Dominguez based on the notice pleading requirements of FED.R.CIV.P. 8. Mr. Ware now seeks to amend his complaint to add the Lake County Board of Commissioners, the Lake County Board of Trustees, and the governing body that is responsible for the upkeep, policy making, and maintenance of the Lake County Jail. He alleges that these defendants approved the sale of cancer causing agents in the jail, exposing him to harm.

The Lake County Commission is responsible for establishing and maintaining a county jail, IND. CODE § 36-2-2-24, though the term "maintain" merely imposes a duty on the commissioners to keep the jail in repair. *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind. App. 1994). But that the Commissioners are responsible for establishing and maintaining the jail has no relevance to whether the person or persons with policy making authority decided to sell cancer causing agents in the jail commissary. Under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. IND. CODE § 36-2-13-5(a)(7). Because Mr. Ware is already suing the policy maker with sole responsibility for approving the sale of cigarettes at the commissary and allowing inmates to smoke in the jail, it would be futile to allow him to amend his complaint to add further defendants.

Thus, for the foregoing reasons, the court **DENIES** plaintiff's motion for leave to amend his complaint to add defendants (docket #23).

## SO ORDERED.

**Enter**: May 12, 2005

                                            s/James T. Moody
                                   JUDGE JAMES T. MOODY
                                   UNITED STATES DISTRICT COURT